UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYNE PAUL DUNCAN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:     10-0298** |
|  | **c/w    10-1455** |
| **CHEVRON U.S.A., INC.** | **SECTION: "I" (4)** |

### ORDER

Before the Court is a **Motion to Compel (R. Doc. 80)** filed by Gear Products, Inc. which seeks to compel the Defendant, Chevron USA to produce documents reflecting testing results performed on the subject gear assembly as well as the "exemplar" gear assemblies have been removed from its cranes. Chevron opposes the motion. (R. Doc. 83.) This motion was heard with oral argument on **Wednesday, May 11, 2011**.

### I.     Background

On October 4, 2009, the Plaintiffs, Wayne Duncan and Gerald DeLacerda were transferred in a personnel basket from the M/V D. Steven to Chevron's platform at EI-238H. The personnel basket was picked up by a crane on the Chevron platform. During the transfer, the swing gear box on the platform crane failed, which resulted in the boom of the crane impacting the bride connecting the EI 238H and EI-238F. As a result, the Plaintiffs were injured.

The swing gear box and was disassembled after the accident.  It was determined that the output shaft had fractured.  The Plaintiffs have sued Chevron as the owner and operator of the crane and have also asserted products liability claims against the crane manufacturer, Sparrows, and the manufacturer of the swing gear box, Gear Products.

As to the instant motion, Gear Products seeks more complete responses to its discovery requests.  Gear Products seeks the production of Chevron's engineer's notes and assessments generated during their observation and inspection of the swing gear box.  Gear Products argues that it does not seek the disclosure of opinions or impressions of Chevron's experts, and instead seeks the raw data, measurements, test results, and photographs which are facts that experts may subsequently rely upon in formulating its opinion.  Chevron opposes the motion.

## II.     Standard of Review

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense."  Fed.R.Civ.P. 26(b)(1).  The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed.R.Civ.P. 26(b)(1).  The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials.  *Herbert v. Lando,* 441 U.S. 153, 176 (1979).  Nevertheless, discovery does have "ultimate and necessary boundaries."  *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)).  Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court."  *Coleman v. American Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is

unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery and outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id*.

### III.     Analysis

Gear Products contends that it seeks a more complete response to its Request for Production 3, which sought "any and all testing results, documents, or photos that support your denial or qualified admission to the Requests for Admissions propounded above."[1] (R. Doc. 80-2, p. 6.) Chevron responded,

> Objection. This request is vague, ambiguous and overly broad. Subject to and without waiting this objection, all photographs, maintenance records, crane manual and crane documents have been produced. Further, the swing gear box has already been produced for inspection and testing. The results of Mr. Stanfields testing are protected by the attorney/client privilege and or attorney/work product privilege and or was prepared in anticipation of litigation.

(R. Doc. 80-2, p. 7.)

Gear Products contends this objection should be overruled because it has requested data and finite measurements Chevron has received from tests and studies performed, and does not seek the disclosure of the opinions or impressions of Chevron's experts. Instead, it seeks raw data, measurements, test results, and photographs which the experts may subsequently rely upon in

---

[1] Request for Admission No. 1 stated, "The shaft involved in the accident made the basis of this lawsuit was not unreasonably dangerous in construction or composition at the time it left the control of Gear Products, Inc." (R. Doc. 80-2, p. 1.) Chevron responded, "Denied." *Id.*

formulating an opinion.

Chevron, on the other hand, maintains its objection that the request is over broad. Further, it contends that it has already produced all photographs of the subject swing gear box assembly and the two exemplars. It has further produced the actual parts for inspection and has provided Gear Products with the opportunity to take its own pictures.

In addition, Chevron contends that this request, as written, would require it to disclose information relied upon by their in-house metallurgical expert, Dennis Stanfield, and documents relied upon by its expert Michael Stevenson[2]. Chevron asserts that these documents are not currently discoverable.

Chevron contends that the documents relied upon by Stanford are not discoverable because Stanfield's purpose as an in-house expert is to make findings in anticipation of litigation. He is utilized only as a consulting expert in this matter and has not been designated as a testifying expert in this matter by Chevron. Chevron contends that Gear Products must demonstrate "exceptional circumstances" in order for the Court to compel the production of these documents. Chevron contends that Gear Products cannot meet this burden because it has already produced photographs and two exemplars. In addition, it has provided Gear Products with the opportunity to inspect the subject swing gear box.

Chevron further asserts that Stanfield's report is protected by the Attorney-Work Product Privilege and the Attorney-Client Privilege. Chevron contends that the report was clearly prepared in anticipation of litigation and it was further prepared at the request of Kristi L. Hamlin, in house counsel for Chevron. The report outlines Stanfield's analysis of the swing gear box involved in the

---

[2]Chevron did not disclose Stevenson's area of expertise.

accident. As such, the work product privilege applies.

Finally, Chevron contends that Gear Products' attempt to obtain the information relied upon by its expert, Michael Stevenson, is premature. Chevron contends that Stevenson may serve as its testifying expert. However, his expert report is not due until July 5, 2011. Therefore, he is still reviewing depositions and documents in order to formulate his opinions.

The Court finds that the document request, as written, is over broad and is not reasonably calculated to lead to the discovery of admissible evidence. It is drafted broadly enough that it could encompass tests, documents, and photograph created by any individual involved in this litigation, including Chevron's counsel. Therefore, Chevron's objections are sustained.

Further, to the extent that Gear Products seeks to compel the underlying documents relied upon Stanfield in his report, Chevron's objections are sustained.[3] Under the Federal Rules of Civil Procedure,

> Ordinarily, a party may not, by interrogatories or deposition, discovery facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only . . . on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Fed.R.Civ.P. 26(b)(4)(B)(ii). Here, Gear Products has not shown any exceptional circumstances which persuade this Court that these documents should be produced.

Finally, to the extent that Gear Products seeks the production of documents relied upon by Stevenson, this request is denied. Stevenson has not completed his expert report, nor is he required to under the presiding Judge's Scheduling Order until July 5, 2011. As he is still in the process of

---

[3]At the hearing, counsel for Gear Products reiterated that he does not seek the disclosure of Stanfield's report.

evaluating and rendering his opinion, it is unclear whether he is currently in possession of all of the documents that Gear Products seeks. According to the representations at the hearing, Stevenson is still in the process of accumulating documents and evaluating them to render an opinion. Therefore, Gear Products' request for documents relied upon by Stevenson is premature. As a result, the motion to compel is denied.

**IV.    Conclusion**

Accordingly,

**IT IS ORDERED** that the **Motion to Compel (R. Doc. 80)** is hereby **DENIED.**

New Orleans, Louisiana, this 15th day of June 2011

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**