UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WAYNE PAUL DUNCAN, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO:  10-0298**<br>**c/w  10-1455** |
| **CHEVRON U.S.A., INC.** | **SECTION: "I" (4)** |

### ORDER

Before the Court is a **Motion for Protective Order and Quash Deposition Subpoena (R. Doc. 82)** filed by the Defendant, Chevron USA, Inc., seeking an Order quashing a subpoena duces tecum issued by the Plaintiffs.  Consolidated Defendant, Gear Products, opposes the motion.  (R. Doc. 84.)  This motion was heard with oral argument on **Wednesday, May 11, 2011**.

### I.     Background

On October 4, 2009, the Plaintiffs, Wayne Duncan and Gerald DeLacerda were transferred in a personnel basket from the M/V D Steven to Chevron's platform at EI-238H.  The personnel basket was picked up by a crane on the Chevron platform.  During the transfer, the swing gear box on the platform crane failed, which resulted in the boom of the crane impacting the bride connecting the EI 238H and EI-238F.  As a result, the Plaintiffs were injured.

The swing gear box was disassembled after the accident.  It was determined that the output

shaft had fractured. The Plaintiffs have sued Chevron as the owner and operator of the crane and have also asserted products liability claims against the crane manufacturer, Sparrows, and the manufacturer of the swing gear box, Gear Products.

As to the instant motion, Chevron has retained Dr. Michael E. Stevenson[1], who works for Engineering Systems, Inc, as an expert in this litigation. Gear Products has issued a subpoena duces tecum on Engineering Systems, Inc. ("ESI") requesting certain documentation relating to the subject accident. Chevron seeks a protective order on the grounds that the subpoena is premature because the expert report is not due until July 5, 2011, the expert is not designated as a testifying expert so his file and opinions are not discoverable, and the subpoena was improperly issued. Gear Products opposes the motion.

**II.     Standard of Review**

    **A.     Scope of Discovery**

Rule 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1). The discovery rules are accorded a broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando,* 441 U.S. 153, 176 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Furthermore, "it is well established that the scope of discovery is within the sound discretion of the trial court." *Coleman v. American*

---

[1] Dr. Stevenson's area of expertise was not disclosed.

*Red Cross*, 23 F.3d 1091, 1096 (6th Cir.1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the information sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Fed.R.Civ.P. 26(b)(2)(c). In assessing whether the burden of the discovery and outweighs the benefit, a court must account for: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id*.

### B.   <u>Protective Order</u>

The decision to enter a protective order is within the Court's discretion. *Thomas v. Int'l Bus. Mach.*, 48 F.3d 478, 482 (10th Cir. 1995). Rule 26(c) governs the issuance of protective orders. It provides in pertinent part:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense.

Fed.R.Civ.P. 26(c).

Rule 26(c), however, contains a requirement that good cause be shown to support the issuance of a protective order, providing that "the burden is upon the movant to show the necessity of its issuance, which contemplates a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *In re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir.

3

1998).

### III.   Analysis

Chevron contends that the subpoena should be quashed because it is premature.  Chevron asserts that Dr. Stevenson, its expert who works for ESI, is still reviewing depositions and documents in order to formulate its opinions.  Further, if he is utilized as a testifying expert, a decision which currently has not been made, his expert report need not be exchanged until July 5, 2011.  Chevron further contends that it is not obligated to designate Dr. Stevenson as a testifying or consulting expert at this time.

Further, Chevron contends that the subpoena was improperly issued because ESI is located in Atlanta, Georgia.  Therefore, it should have been issued from the Northern District of Georgia.  Instead, Gear Products obtained its subpoena from the Eastern District of Louisiana.  Accordingly, the subpoena should be quashed.[2]

Gear Products contends that its subpoena does not request reports or opinions of Chevron's experts. Instead, its subpoena seeks data, measurements, and calculations which have been collected by Chevron through its examination and destructive testing of the subject materials involved in this accident.  Gear Products contends that Chevron has been in sole possession of the subject gear shaft and several exemplars.  Through Chevron's testing, which has included destructive alteration of the subject shaft and exemplars, Chevron has a generation of finite data which cannot be duplicated.  Gear Products contends that it seeks this raw data, and not expert opinion in its subpoena.

As an initial matter, the Court notes that the Notice of 30(b)(5) deposition served on Gear

---

[2]The Court notes that Gear Products concedes that it improperly obtained the subpoena from the Eastern District of Louisiana.  It has since obtained a notice of deposition from the Northern District of Georgia.  (R. Doc. 84-4, p. 1.)  Therefore, this argument is moot.

Products is not directed towards Dr. Stevenson. However, the parties seemingly agree that Dr. Stevenson is the individual who is best suited to respond to the notice of deposition.

Second, although Gear Products argues that their opinion does not seek reports or opinions of Chevron's experts, and instead seeks only data, measurements, and calculations, this argument is contrary to the notice of deposition. The notice of deposition, for example, seeks, "any and all written documents describing, cataloging or otherwise containing data, measurements or calculations relating to any swing gear assemblies received by ESI, Inc. from Chevron U.S.A., Inc. from October 2008 to the present." (R. Doc. 82-2, p. 3.) This is clearly broad enough to encompass reports created by Chevron's experts or documents in which Chevron's experts rendered an opinion. Topics 2[3] and 3[4] are similarly broad. Therefore, the Court is not persuaded by Gear Products' contention. As expert reports are not due pursuant to the presiding Judge's Scheduling Order until July 5, 2011, this notice is premature.

To the extent that Gear Products seeks the underlying documents utilized in rendering expert reports, the Court still finds that the subpoena duces tecum was prematurely noticed. According to the testimony, Dr. Stevenson has not rendered his expert report. In fact, he is currently in the process of accumulating information, evaluating documents, and rendering his opinion. Therefore, at the time this request was made, it is unclear whether Dr. Stevenson was even in possession of all of the documentation requested. Therefore, the request is premature.

---

[3]Topic 2 seeks, "any and all documents which demonstrate that the output shaft involved in the subject incident was not designed or manufactured to the appropriate size and/or hardness and/or strength." (R. Doc. 82-2, p. 3.)

[4]Topic 3 seeks, "any and all documents or materials showing the calculations for the parts made by Gear Products, Inc. are in any war erroneous." *Id.*

## IV.     Conclusion

Accordingly,

**IT IS ORDERED** that the **Motion for Protective Order and Quash Deposition Subpoena (R. Doc. 82)** is hereby **GRANTED.**

New Orleans, Louisiana, this 15th day of June 2011

_____
**KAREN WELLS ROBY
UNITED STATES MAGISTRATE JUDGE**