UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**WAYNE PAUL DUNCAN, ET AL.**                               **CIVIL ACTION**

**VERSUS**                                                  **No. 10-298 C/W 10-1455**
                                                            **(REF: ALL CASES)**

**CHEVRON U.S.A., INC., ET AL.**                            **SECTION "I"**

### ORDER AND REASONS

Before the Court is defendant Gear Products, Inc.'s ("Gear Products") motion[1] for summary judgment pursuant to La. Rev. Stat. § 9:2800.56 and § 9:2800.57 of the Louisiana Products Liability Act ("LPLA"). Defendants, Chevron U.S.A., Inc. ("Chevron") and Sparrows Crane Limited and Sparrows Offshore Group Limited (together, "Sparrows"), and plaintiffs, Gerald Delacerda ("Delacerda") and Wayne Duncan ("Duncan"), and intervenor, SeaBright Insurance Company ("Seabright"), oppose the motion.[2] After considering the parties' briefs, the

---

[1] No. 10-298, R. Doc. No. 120.

[2] No. 10-298, R. Doc. Nos. 135, 137, 138 and 148. As SeaBright's opposition was untimely filed, the Court did not consider SeaBright's arguments.

Gear Products argues that the Court cannot consider Chevron's opposition because Chevron dismissed its claims against Gear Products voluntarily and, therefore, Chevron has no standing to oppose Gear Products' motion for summary judgment. No. 10-298, R. Doc. No. 145, pp. 6-7. Sparrows has asserted a cross-claim against Gear Products and has explicitly adopted Chevron's opposition arguments in its opposition and its surreply to Gear Products' motion. No. 10-298, R. Doc. Nos. 137, p.1 and 150, p. 3. Furthermore, Chevron argues that it has "standing to oppose Gear Products' motion as its ability to defend this case would be prejudiced if Gear Products' motion was granted." No. 10-298, R. Doc. No. 152, p. 2.

summary judgment evidence offered and the law, the Court finds that there remain genuine issues of material fact which preclude entry of summary judgment.

Accordingly,

**IT IS ORDERED** that Gear Products' motion for summary judgment regarding its liability pursuant to the LPLA is **DENIED**.

New Orleans, Louisiana, August __10th__, 2011.

                                              **LANCE M. AFRICK**
                                     **UNITED STATES DISTRICT JUDGE**

---

Caselaw in this district "has held that co-defendants do not have standing to oppose a defendant's motion for summary judgment *when the motion is unopposed by the plaintiff*" and the opposing co-defendant has not filed a cross-claim. *Thurman v. Wood Group Prod. Serv.*, No. 09-4142, 2010 WL 5207587, at *1 (E.D. La. Dec. 14, 2010) (Barbier, J.) (emphasis added); *C.F. Bean Corp. v. Clayton Indus.*, No. 95-161, 1996 WL 470644, at *1 (E.D. La. Aug. 19, 1996) (Livaudais, J.). Conversely, in this case plaintiffs and co-defendant/cross-claimant Sparrows vigorously oppose Gear Products' motion. Furthermore, Sparrows has explicitly adopted Chevron's arguments in opposition. Finally, if the Court were to grant Gear Products' motion and deny Chevron the opportunity to oppose Gear Products' motion, the ability of Chevron to defend itself at trial could be adversely affected. *See generally White v. Sabatino*, 415 F. Supp. 2d 1163 (D. Haw. 2006). Consequently, the Court will consider Chevron's arguments.